819 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald H. SCOTT, # evv-dj-lqxv Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 86-2051.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 25, 1987.
Decided May 19, 1987.
 
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Charles L. Griffin, III, Bryan, Bahnmuller, King, Goldman and McElveen, on brief, for appellant.
 Vinton D. Lide, United States Attorney, Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation, A. George Lowe, Chief, Disability Litigation Branch, Harry S. Gold, Attorney, Office of the General Counsel, Social Security Division, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Ronald Scott filed a claim for supplemental security income benefits, alleging disability due to partial paralysis in his right leg. He sustained that injury in a 1972 car accident. Scott alleges that his leg injury, together with the associated pain, prevents him from performing substantially gainful activity.
 
 
 2
 Scott was denied benefits initially and on reconsideration. After a hearing, the Administrative Law Judge (ALJ) also denied benefits. The ALJ found that Scott's impairment was not the same as or equivalent to any of the impairments listed in the regulations. 20 C.F.R. Sec. 404.1525, Appendix 1, Section 1.11. The ALJ then determined that Scott could no longer perform his previous occupation as a painter and an insulator. The ALJ concluded that Scott had a residual functional capacity to perform sedentary work.*
 
 
 3
 A vocational expert submitted a list of jobs that could be performed by a person with Scott's physical and nonexertional limitations. The ALJ concluded that Scott was not disabled and denied benefits. The Appeals Council found no basis for review.
 
 
 4
 Scott filed suit in the district court challenging the denial of benefits. The magistrate recommended that the court uphold the denial of benefits. After reviewing Scott's timely objections, the district court adopted the magistrate's recommendation. This appeal followed.
 
 
 5
 Substantial evidence supports the ALJ's decision that Scott is not disabled under the Act. The doctors' diagnoses support the ALJ's conclusion that Scott's impairment is not the same as or equivalent to the impairments listed in the grid. C.F.R. Sec. 404.1525, Appendix 1, Section 1.11. Scott's mobility after the accident and his most recent surgery further buttress that conclusion. Neither Dr. Moore nor Dr. Holler specifically concluded that Scott was disabled by the leg injury. Both of those doctors focused their diagnoses on the pain Scott suffered. Dr. Black, in July 1983, stated that Scott could not work at that time, but opined that Scott "hopefully" could improve with proper care. For a seven-month period preceding these doctors' examinations, Scott attended classes for six hours per day and swept floors two hours per day. In addition, Scott's range of daily activity includes grocery shopping, house-cleaning, cooking and occasionally playing pool.
 
 
 6
 The doctors' reports note that Scott experiences muscle spasms and pain. The ALJ considered Scott's testimony of disabling pain, ultimately rejecting it as contradictory of his testimony concerning his daily activities and his recent school attendance. In addition, Scott testified that he only takes aspirin for his pain. These facts support the ALJ's conclusion that Scott's pain was not disabling.
 
 
 7
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the district court's judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met
 
 
 [20]
 C.F.R. Sec. 416.967(a)